UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EARL L. KISER, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22 CV 326 |
| | ) |
| INDIANA STATE POLICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motions to dismiss. (DE ## 22, 29.)

**I.     BACKGROUND**

Plaintiff Earl Kiser, II, alleges that on November 19, 2020, he was operating his truck at the Indiana Department of Transportation scales in Chesterton, Indiana, when a John Doe officer with the Indiana State Police Department ("ISP") arrested plaintiff for an outstanding warrant originating from the Noble Superior Court. (DE # 8 at 4.) While the officer conceded that plaintiff did not look like the person in the photograph of the wanted individual, plaintiff had the same name as the individual identified in the warrant, and the officer therefore transported plaintiff to the Porter County Jail. (*Id.* at 5, 20.) When questioned, plaintiff maintained that he did not have any outstanding warrants and was not the individual sought in the warrant. (*Id.* at 5.)

The next morning, on November 20, 2020, the Noble County Prosecutor faxed an order setting aside the warrant to the Porter County Jail. (*Id.*) The Porter County Jail disregarded that order and continued to hold plaintiff until November 24, 2020. (*Id.*)

Plaintiff's complaint alleges that defendants' actions violated his federal and state constitutional rights, as well as several Indiana statutes. (*Id.*)

Presently before the court are motions to dismiss from four of the named defendants. Defendant Tammy Bremer, Clerk of Court for Noble County, Indiana, has filed a motion to dismiss plaintiff's claims against her. (DE # 22.) Defendants ISP, ISP Superintendent Douglas Carter, and ISP Master Trooper Lawrence McFarrin, have separately filed a motion to dismiss plaintiff's claims against them. (DE # 29.) These motions are fully briefed and are ripe for ruling.

II.     **LEGAL STANDARD**

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

The moving defendants all argue that plaintiff's complaint fails to allege any wrongdoing attributable to them, and therefore all claims against them must be dismissed. (DE # 23 at 6; DE # 30 at 6-7.) The court first considers plaintiff's federal claims, which have been brought against defendants in both their individual and official capacities. (DE # 8 at 4.)

"To establish personal liability [in a § 1983 claim], the plaintiff must show that the relevant official 'caused the constitutional deprivation at issue' or 'acquiesced in some demonstrable way in the alleged constitutional violation.' " *Gonzalez v. McHenry*

3

*Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). Plaintiff alleges that Bremer, Carter, and McFarrin are liable for acts committed by their subordinates. In order for a supervisor to be personally liable for a constitutional deprivation, "he must both (1) 'know about the conduct' and (2) facilitate, approve, condone, or turn a blind eye toward it. Under the second prong, a supervisor is liable if he acted purposefully, knowingly, or recklessly, but *not* negligently." *Id.* (emphasis in original) (quoting *Kemp v. Fulton County*, 27 F.4th 491, 498 (7th Cir. 2022)).

Plaintiff's official capacity claims against Bremer act as claims against Noble County, and his official capacity claims against Carter and McFarrin act as claims against ISP. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). For an official capacity suit against a municipal official, such as Bremer, " 'the entity's 'policy or custom' must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Official capacity claims against state officials are treated differently, and will be discussed separately.

    A.    Bremer

Plaintiff's complaint identifies Bremer in the beginning and ending paragraphs of each count, as a defendant who participated in the violation of his rights. However, there are no factual allegations identifying any wrongdoing attributable to Bremer.

4

Plaintiff alleges that Bremer is "liable for the actions of the Court of Nobel (sic) County and its employees, as such actions of her employees, as alleged herein, were the direct result of policies and/or customs adopted, incorporated and/or authorized by the Defendant, Tammy Bremer." (DE # 8 at 2.) Yet, neither plaintiff's complaint nor his response brief[1] actually identify any wrongful action, policy, custom, or other act, attributable to someone in the Clerk's Office.

Plaintiff claims that Bremer, as a supervisor, turned a blind eye to an invalid warrant generated from her office. (DE # 35 at 6.) This claim appears to be based entirely on plaintiff's incorrect assumption that the warrant was invalid because the wrong person was arrested. Yet, there is no allegation that there was any defect in the warrant itself; rather, plaintiff challenges the *execution* of the warrant. *See White v. Olig*, 56 F.3d 817, 819 (7th Cir. 1995) (in case of mistaken identity, warrant correctly naming person to be arrested was facially valid). Because there is no allegation that Bremer was personally involved in the violation of plaintiff's constitutional rights, plaintiff has failed to state a § 1983 claim against Bremer.

---

[1] A plaintiff may elaborate or add attached materials to an opposition brief illustrating the facts that the plaintiff expects to be able to prove. *Geinosky v. City of Chicago*, 675 F.3d 743, 745, n. 1 (7th Cir. 2012) (a plaintiff opposing a Rule 12(b)(6) motion "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove" and may assert new factual allegations, so long as those factual allegations are consistent with the pleadings). Here, the court considers the additional allegations in plaintiff's response brief, as they are consistent with his original pleadings.

Plaintiff's state law claims against Bremer fail for the same reason. Plaintiff's complaint does not allege any facts from which this court could reasonably infer any wrongdoing attributable to Bremer or her office. Accordingly, plaintiff's state law claims against Bremer must be dismissed for failure to state a claim.

B.    *Individual Capacity Claims Against Carter and McFarrin*

Plaintiff's complaint alleges that Carter and McFarrin, as supervisors within ISP, are liable for the actions of ISP employees under the doctrine of *respondeat superior*. (DE # 8.) However, "[i]n Section 1983 suits, officials are held accountable only for their own misconduct," *Hess v. Garcia*, 72 F.4th 753, 767 (7th Cir. 2023), and "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

While plaintiff labeled his claims as *respondeat superior* claims, his allegations go beyond alleging mere *respondeat superior* liability. Plaintiff alleges that his detention "was a direct and proximate result of [Carter and McFarrin's] policy and/or custom of authorizing, approving, and/or turning a blind eye to its employee's practicing/engaging in false arrests, thereby causing impermissible detention and/or confinement." (DE # 8 at 8.) This allegation states a claim for supervisor liability, so long as the complaint has sufficiently alleged that plaintiff's arrest was unconstitutional.

"When police officers mistake a person for someone they seek to arrest, the arrest is constitutional if the officers (1) have probable cause to arrest the person sought, and (2) reasonably believe that the person arrested is the person sought." *Catlin v. City of*

6

*Wheaton*, 574 F.3d 361, 365 (7th Cir. 2009). Here, the complaint alleges that plaintiff's arrest was made pursuant to an arrest warrant; thus, the probable cause element of this test is satisfied.[2] *See id.; Johnson v. Myers*, 53 F.4th 1063, 1068-69 (7th Cir. 2022) (subject to exceptions not relevant here, when an arrest is executed pursuant to a warrant, the court presumes that the officer had probable cause for the arrest).

The remaining question is whether the court can determine, at this stage of the proceedings, that the arresting officer's belief that plaintiff was the person sought in the warrant was reasonable. *See Hill v. California*, 401 U.S. 797, 802 (1971); *Tibbs v. City of Chicago*, 469 F.3d 661, 664 (7th Cir. 2006). Plaintiff alleges that the arresting officer noted that plaintiff did not resemble the person in the photograph attached to the warrant. (DE # 8 at 5.) "[D]iscrepancies between an arrest warrant and the arrestee's physical appearance, address, and birth date are often insufficient to create a genuine factual dispute about whether arresting officers had probable cause." *Tibbs*, 469 F.3d at 664. However, this case is merely at the pleading stage. Plaintiff does not include any other allegation regarding the differences in his appearance and that of the person in the photograph. Without further factual allegation (which plaintiff was not obligated to supply), the court cannot determine whether the arresting officer acted reasonably in arresting plaintiff. Accordingly, plaintiff's federal claims against McFarrin and Carter in their individual capacities may proceed.

---

[2] As discussed above, there is no factual allegation that could support an inference that the warrant was facially invalid.

7

      C.    *Claims Against ISP and Official Capacity Claims Against McFarrin and Carter*

ISP moves for dismissal of all federal claims against it. (DE # 30 at 7-8.) McFarrin and Carter also move to dismiss all federal claims made against them in their official capacities. (*Id.* at 8.) Defendants argue that these claims, which seek monetary damages, are barred by the Eleventh Amendment.

"A cause of action under § 1983 requires a showing that the plaintiff was deprived of a right secured by the Constitution or federal law, by a *person* acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006) (emphasis added); 42 U.S.C. § 1983. The Supreme Court has determined that "a State is not a person within the meaning of § 1983" in a suit for monetary damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). This rule applies not only to the State itself, but also to state agencies (such as ISP), and to official capacity claims against employees of a state agency (such as plaintiff's official capacity claims against McFarrin and Carter). *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *Duncan v. State of Wis. Dep't of Health & Family Servs.*, 166 F.3d 930, 935 (7th Cir. 1999) ("[N]either the state agency itself nor the state employees in their official capacity can be sued for retrospective monetary relief, for the simple reason that the state is not a 'person' for purposes of 42 U.S.C. § 1983.")

"The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66 (cleaned up). Indiana has not consented to this suit. *See e.g. Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Platt v. Indiana*, No. 117CV01276LJMDML, 2017 WL 3621298, at *2 (S.D. Ind. Aug. 23, 2017). Additionally, "[t]he Supreme Court has expressly held that Congress has not abrogated the states' immunity in § 1983 suits." *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Quern v. Jordan*, 440 U.S. 332, 341–45 (1979)).

For these reasons, plaintiff's federal claims against ISP, and Carter and McFarrin (in their official capacities), are barred by the Eleventh Amendment. Likewise, the Eleventh Amendment prevents this federal court from adjudicating state law claims against state agencies and official-capacity claims against state officials. *See Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)). Therefore, plaintiff's state law claims against ISP, and Carter and McFarrin (in their official capacities), are also barred.

    D.    *State Law Claims Against McFarrin and Carter*

McFarrin and Carter argue that this court should dismiss the state law claims against them on the basis that plaintiff did not file the required tort claims notice. (DE # 30 at 8.) However, in his response brief, plaintiff filed a copy of the notice (DE # 38-3), and in reply defendants appear to abandon this argument. (DE # 39.)

McFarrin and Carter also argue that the complaint fails to state a claim against them for any state law causes of action. (DE # 30 at 8-9.) Plaintiff's claims against McFarrin and Carter for false imprisonment (Count VII), "Criminal Confinement" (Count IX), False Imprisonment and Confinement (Count XI), and any battery claim (*see* DE # 8 at 22), are dismissed for failure to allege any wrongdoing on behalf of these defendants, as any involvement on their part ended after plaintiff was delivered to the Porter County Jail.

Plaintiff's claims for false arrest, however, may state a claim against McFarrin and Carter.[3] Under Indiana law, "[w]here an arrest is pursuant to a warrant, and the person arrested is not the person actually sought in the warrant, the warrant necessarily does not provide lawful authority for the person's arrest." *Nolan v. City of Indianapolis*, 933 N.E.2d 894, 897 (Ind. Ct. App. 2010) (citing *Delk v. Board of Com'rs of Delaware County*, 503 N.E.2d 436, 439 (Ind.Ct.App.1987)). However, the arresting officer's liability for an unlawful arrest based on mistaken identity depends on whether the officer exercised reasonable diligence in ascertaining the identity of the person sought before serving the warrant. *Id.*

Thus, plaintiff may have a false arrest claim against the arresting officer. However, the question remains as to whether McFarrin or Carter may be liable in their individual capacities as supervisors. Here, no party has addressed the question of

---

[3] The court notes that just because plaintiff has stated a Fourth Amendment claim against McFarrin and Carter, does not necessarily mean that he has also stated a false arrest claim against these defendants. *See Row v. Holt*, 864 N.E.2d 1011, 1019 (Ind. 2007).

10

supervisor liability under Indiana law. In failing to address this issue, Carter and McFarrin failed to meet their burden of persuasion, and their motion to dismiss plaintiff's false arrest claims against them (in their individual capacities) is denied.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Tammy Bremer's motion to dismiss (DE # 22), without prejudice and with leave to file an amended complaint by the deadline set forth in the Magistrate Judge's scheduling order. The court **GRANTS in part** and **DENIES in part** defendants Indiana State Police, Lawrence McFarrin, and Douglas Carter's motion to dismiss (DE # 29), on the terms set forth in this Opinion and Order.

**SO ORDERED.**

Date: September 28, 2023

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT